**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In Re DMCA Subpoena to GoDaddy.com LLC | ) ) ) ) | C/A No.:   25-mc-319 |
| John DOE,          Movant, | ) ) ) ) | |
| v. | ) ) | |
| Tamaris (Gibraltar) Limited,          Respondent. | ) ) ) ) ) | |

**MOTION TO QUASH DMCA SUBPOENA TO GODADDY.COM, LLC**

Pursuant to Federal Rule of Civil Procedure 45(d)(3) and 17 U.S.C. § 512(h), Movant John Doe, by and through undersigned counsel, respectfully moves to quash the subpoena issued to GoDaddy.com, LLC in the above-captioned matter as to the domains casinoestelar.com and powerbet.win ("Movant's Domain"). In support of this Motion, Movant states as follows:

### I.   INTRODUCTION

1. Movant is owner and operator of the domains casinoestelar.com and powerbet.win ("Subject Domains"), which are two of the multiple domains listed in the subpoena served on GoDaddy.com, LLC ("GoDaddy") in the above-captioned matter.

2. The subpoena seeks highly sensitive and personally identifying information about the operators of all domains listed in subpoena, including the host, origin Internet Protocol address(es), name(s), address(es), telephone number(s), payment method(s), any electronic mail addresses, as well as all domain names associated with the operator(s) of the domains listed and logs of Internet Protocol addresses including time stamps used to access the

        accounts associated with the listed domain names or sent email using the listed domain names and associated mail servers.

3. There is no pending litigation. This proceeding was initiated solely for the purpose of issuing the subpoena. The request is overbroad, unsupported by individualized allegations of infringement, and improperly seeks to unmask Movant, who is associated only with two of the multiple listed domains, and others through a mass investigatory request with no judicial oversight. Moreover, as of the date of this motion, the docket does not reflect that a certificate or affidavit of service has been filed to confirm that GoDaddy.com, LLC was properly served with the subpoena..

4. Because the subpoena is overly broad, procedurally deficient, and threatens significant privacy harms to Movant, it must be quashed as to Movant's Domains, casinoestelar.com and powerbet.win.

## II.    LEGAL STANDARD

5. Under Federal Rule of Civil Procedure (FRCP) Rule 45(d)(3)(A), the Court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter; (iv) subjects a person to undue burden.

6. FRCP Rule 45(d)(3)(B) also permits quashing or modifying a subpoena "if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."

7. 17 U.S.C. § 512(h) allows a copyright owner to request a subpoena solely for the purpose of identifying an alleged infringer. The request must be supported by a valid DMCA notice under § 512(c)(3), and the scope must be narrowly tailored to the domain(s) where infringement is alleged.

### III.   ARGUMENTS

8. The subpoena lists numerous domain names in Subpoena Exhibit 1. Movant is associated with only two of them. There is no individualized showing that Movant's domain infringes on any copyrighted material owned by Tamaris (Gibraltar) Limited. Courts routinely reject attempts to lump multiple unrelated registrants or IP users into a single subpoena request. See *Pacific Century Int'l, Ltd. v. Does* 1-101, No. 4:11-cv-02533 (N.D. Cal. July 8, 2011).

9. This "phishing expedition" lacks specificity and exceeds the limited scope of § 512(h), which is not intended to facilitate mass discovery campaigns.

10. The Movant is only requesting to quash the subpoena as to the Movant and as to the Movant's Domains, which are the only two out of the list that belongs to the Movant.

11. The subpoena was filed in a miscellaneous case for the sole purpose of unmasking domain owners. No lawsuit is pending, and the court has not made any determination of good cause or necessity. The absence of pending action weighs heavily in favor of quashing. See, e.g., *Sony Music Ent. v. Does* 1–40, 326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004) (noting that "the use of Rule 45 subpoenas to discover the identities of anonymous Internet users raises First Amendment concerns" and courts must scrutinize the need and breadth of such subpoenas especially where no lawsuit has been filed).

12. Disclosure of Movant's identity risks serious harm to privacy protections, particularly if the domains are used for expressive content. Courts have long protected anonymous speech

3

from premature unmasking. *See*, e.g., *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001).

13. Tamaris (Gibraltar) Limited has not made any specific allegations as to how Movant's domains are infringing its copyrights. In fact, Tamaris's own DMCA letter to GoDaddy refers to U.S. Trademark Registration Nos. 6848492, 6890979, 7307616, and 7186621, all of them covering online gaming and software services, not copyright-protected works. Thus, Tamaris is attempting to use the DMCA subpoena process to pursue alleged trademark infringement, which is outside the scope of 17 U.S.C. § 512(h). Where no prima facie case of infringement has been made, and no effort has been made to limit disclosure to domains directly linked to infringing content, the balance strongly favors protecting the individual. Courts have made clear that the DMCA subpoena process must not be used to obtain broad unmasking of users without individualized evidence.

14. As of this filing, the docket does not reflect that a certificate or affidavit of service has been filed. There is no evidence that GoDaddy.com, LLC was properly served in accordance with Rule 45. This procedural defect further supports quashing or at least staying enforcement.

**PRAYER FOR RELIEF**

For the foregoing reasons, Movant respectfully requests that the Court:

1. Quash the subpoena issued to GoDaddy.com, LLC, as to Movant and the Movant's Domains;

2. Maintain the confidentiality of Movant's identity through permission to proceed under pseudonym and permitting the Declaration of John Doe to be maintained under seal; *and*

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of August 2025.

/s/ Yuliya Veremiyenko-Campos

Yuliya Veremiyenko-Campos, Esq.
USDC MD No. 21984
YVC Legal PLLC
150 Riverside Parkway, Suite 115
Fredericksburg, VA 22406
yvc@yvclegal.com
+1 (571) 320-7079

**Attorney for Movant**