# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In Re DMCA Subpoena to GoDaddy.com LLC | ) ) ) | C/A No.:    8:25-mc-319 |
| _____ | ) |  |
| John DOE, | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Tamaris (Gibraltar) Limited, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
| _____ | ) |  |

## REPLY TO OPPOSITION MOTION TO QUASH DMCA SUBPOENA
## TO GODADDY.COM, LLC

Movant John Doe respectfully submits this Reply to Tamaris (Gibraltar) Limited's Opposition to the Motion to Quash the DMCA Subpoena (the "DMCA Subpoena") issued to GoDaddy.com, LLC ("GoDaddy") as to the domain names casinoestelar.com and powerbet.win ("Movant's Domains"). This Court should grant a John Doe's Motion to Quash DMCA Subpoena as to Movant's Domains because (i) Local Rule 104.7 does not apply in this case and, even if it did apply, in this case, John Doe should be excused from the Local Rule 104.7 requirement, (2) John Doe satisfied the standards for motion to quash under Federal Rule of Civil Procedure 45(d)(3), (iii) the DMCA Subpoena issued to GoDaddy.com, LLC exceeds the Scope of 17 U.S.C. § 512(h), and (iv) John Doe's Motion to Quash the DMCA Subpoena was timely.

## I.    BACKGROUND

On June 02, 2025, upon request of Tamaris (Gibraltar) Ltd. ("Tamaris"), this Court issued a DMCA Subpoena to GoDaddy.com, LLC under 17 U.S.C. § 512(h), seeking:

All identifying information, including the host, origin Internet Protocol address(es), name(s), address(es), telephone number(s), payment method(s), any electronic mail addresses, as well as all domain names associated with the operator(s) of the [….] ("Subject Domain Names"), and logs of Internet Protocol addresses including time stamps used to access the accounts associated with the Subject Domain Names or send email using the Subject Domain Names and associated mail servers.

*See* EFC No. 2.

Movant, using the pseudonym John Doe, was first notified of the DMCA Subpoena by GoDaddy on July 25, 2025. *See* Exhibit I. GoDaddy further set August 01, 2025, 12 pm MST as the deadline for the Movant to file the Motion to Quash the DMCA Subpoena and notify them of the filing. *See* ECF No. 4.

Tamaris did not file certificate or affidavit of service with the Court. The only document evidencing an attempt to serve the DMCA Subpoena on GoDaddy is the copy of the email sent to GoDaddy regarding the DMCA subpoena on June 03, 2025, which was submitted to this Court as Exhibit A to Tamaris' Opposition to Motion to Quash DMCA Subpoena to Godaddy.Com, LLC, which was filed *after* the Movant's Motion to Quash. *See* ECF No. 7-1.

John Doe filed its Motion to Quash as to the Movant's Domains only on August 01, 2025, within five days of learning about the DMCA Subpoena. *See* ECF No. 4.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure (FRCP) Rule 45(d)(3)(A), the Court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter; (iv) subjects a person to undue burden. FRCP Rule 45(d)(3)(B) also permits quashing or modifying a subpoena "if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing

an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."

17 U.S.C. § 512(h) allows a copyright owner to request a subpoena solely for the purpose of identifying an alleged infringer of copyrighted material, not for unrelated claims or investigations. Courts reject efforts to use 17 U.S.C. § 512(h) subpoenas to conduct wide-scale discovery that may lead to the premature unmasking of Internet users. *See In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020); *Sony Music Ent. v. Does* 1–40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004).

### III.    ARGUMENTS

#### A.  Local Rule 104.7 Does Not Apply or Movant Was Excused from Local Rule 104.7's Meet-and-Confer Requirement

Tamaris claims that Movant failed to comply with Local Rule 104.7, which requires parties to confer in good faith prior to filing a discovery motion. However, Tamaris omits a crucial point: Movant is a nonparty seeking to quash a subpoena issued without prior notice to Movant and without any reasonable opportunity to confer prior to service.

Local Rule 104.7 is intended to promote good faith resolution between parties to litigation, and it applies to discovery disputes between parties. But here, no lawsuit is pending, Movant is not a party and did not receive notice of the subpoena until July 25, 2025, when GoDaddy contacted Movant regarding the DMCA Subpoena's existence and of the impending disclosure deadline. *See* Exhibit I.

Even if Local Rule 104.7 did apply, in this case, there was no reasonable time or mechanism to confer: John Doe had only limited indirect notice of DMCA Subpoena from GoDaddy on July 25, 2025, and the deadline to comply by August 01, 2025. Courts in this District

have recognized that strict compliance with procedural rules is not always possible or appropriate in third-party subpoena contexts. *See Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005).

### B. John Doe Has Satisfied the Requirements of Federal Rule of Civil Procedure 45(d)(3)(A)

In its Opposition, Tamaris acknowledges that neither the Fourth Circuit nor the District of Maryland has articulated a uniform standard for evaluating DMCA subpoenas in light of First Amendment concerns. Tamaris instead relies on *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 (N.D. Cal. 2022), and *Baugher v. GoDaddy.com LLC*, No. MC-19-00034-PHX-JJT, 2021 WL4942658 (D. Ariz. Oct. 22, 2021), both of which endorse a two-step inquiry: (i) whether the subpoenaing party has established a prima facie case of copyright infringement, and (ii) whether that interest outweighs the anonymous party's First Amendment interest. *See* ECF No. 7 at 7.

Movant agrees that this general framework is appropriate. However, Movant disagrees with Tamaris' analysis of the framework in this case.

### i. Tamaris Failed to Demonstrate a Prima Facie Case the Merits of Its Underlying Copyright Infringement Claim.

Tamaris fails at the first step of demonstrating a prima facie case of copyright infringement as to Movant's Domains. In its Opposition, Tamaris relies on framework that was used in *Cognosphere Pte. Ltd. v. X Corp.*, 2024 WL 4227594 in establishing the prima facie case of copyright infringement, where it has to demonstrate (1) ownership of the allegedly infringed material, (2) that the alleged infringers violate at least one exclusive right granted to him. Applying this framework, Tamaris fails to satisfy the second prong of the test.

Tamaris bundled together over a hundred of domain names in its DMCA subpoena and accompanying Notice of Copyright Infringement sent to GoDaddy on March 28, 2025. *See* ECF

No. 7-2. While the subpoena lists over a hundred domains, Movant is associated with only two: casinoestelar.com and powerbet.win. Tamaris has failed to provide any individualized explanation or evidence as to how Movant's Domains are infringing any copyright-protected content.

In fact, Tamaris's Notice to GoDaddy merely states:

> Tamaris and its related companies own all rights in the copyright protected content, photographs, text, images, graphics, animations, and software code associated with the PragmaticPlay gaming software applications, websites, and livestreams. Tamaris is also the owner of the PRAGMATICPLAY and PPGAMES trademarks […] It has been brought to Tamaris's attention that the Infringing Sites are utilizing unauthorized copies of legitimate Tamaris gaming software with insignificant alterations, including counterfeit uses of Tamaris's trademarks.

*Id*.

Notably, this language is generic and directed at "the Infringing Sites" as a group, without identifying which specific sites are allegedly engaged in what conduct. Tamaris provides no technical analysis, screenshots, code comparisons, or evidence that casinoestelar.com or powerbet.win allegedly display or distribute any of the protected materials it references.

In *Cognosphere*, in addition to the declaration asserting infringement, subpoenaing party submitted evidence showing that the accused account holders had publicly displayed copies of copyrighted materials. 2024 WL 4227594, at *11. Here, the case is different as the record reflects only Tamaris' generalized allegation against over a hundred of different domains, out of which only two belong to the Movant. *See* ECF No. 7-2.

Movant does not dispute that Tamaris' gaming software and associated works may be entitled to copyright protection. However, Tamaris has failed to allege or demonstrate how Movant's Domains specifically infringe those works. Courts have rejected similar broad, undifferentiated subpoenas that seek to unmask multiple parties without individualized showings.

*See Pac. Century Int'l Ltd. v. Does 1-101,* No. 11-2533-DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011).

Accordingly, Tamaris has failed to meet even the threshold burden of a prima facie claim, and the subpoena must be quashed as to the Movant's Domains.

### ii.      Tamaris' Need for Discovery as to Movant's Domains Does Not Outweighs the Movants' First Amendment interest.

Even if Tamaris could be found to meet the threshold showing of copyright ownership and generic allegations of infringement, the balancing test under the First Amendment compels this Court to quash the subpoena as to Movant. The subpoena here demands personal identifying information for over a hundred of domain names, but Tamaris fails to explain the basis for grouping all domains together, identify the relationship, if any, between them, and tailor its request to the specific conduct of each domain registrant.

Movant is associated with only two of the domains, but Tamaris made no individualized showing of how those two domains are infringing his copyright. Courts reject efforts to use 17 U.S.C. § 512(h) subpoenas to conduct wide-scale discovery that may lead to the premature unmasking of Internet users. *See Sony Music Ent. v. Does 1–40,* 326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004)*; Pacific Century Int'l, Ltd.,* No. 11-2533-DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011)*.*

In *Sony Music Ent.*, the Court required "(1) a concrete showing of infringement, (2) specificity, (3) absence of alternative means, (4) a central need for disclosure, and (5) the target's expectation of privacy." *Id.* at 564-565. None of these factors favor disclosure here. No concrete or specific infringement has been shown as to Movant's Domains. Tamaris could have, and should have, sent individualized notices or pursued narrower discovery. Tamaris has not made any

concrete or specific showing of infringement as to Movant's Domains. Movant has a legitimate privacy interest, including in commercial anonymity, especially in the absence of any filed lawsuit or judicial finding of infringement.

Because Tamaris has not shown a concrete, tailored need for discovery as to Movant's Domains, the balance of equities weighs strongly in favor of quashing the subpoena.

### C.  The Subpoena Exceeds the Scope of 17 U.S.C. § 512(h)

Movant does not dispute that 17 U.S.C. § 512(h) authorizes a copyright owner to seek identifying information about alleged infringers. Nor does Movant challenge the general proposition that gaming software may be entitled to copyright protection. Tamaris's bundled more than a hundred of separate domain names, out of which only two are owned by Movant, into a single subpoena, without an individualized showing of infringement made by Movant's Domains.

The statute permits a copyright owner to subpoena a service provider for information "sufficient to identify the alleged infringer of the material described in the notification." 17 U.S.C. § 512(h)(3). This language plainly contemplates a focused and tailored approach, not mass unmasking. *See Pacific Century Int'l, Ltd.*, No. 11-2533-DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011).

Tamaris asserts it intends to identify infringers and pursue legal action. But that goal does not excuse procedural overreach or the absence of evidence tying Movant's Domains to any specific act of infringement. Tamaris's own Notice of Infringement to GoDaddy contains only vague and conclusory statements that unnamed domains "utilize unauthorized copies" of Tamaris's software. There is no concrete allegation, let alone evidence, that Movant's two domains (casinoestelar.com and powerbet.win) contain or distribute infringing material, or display the asserted copyrighted content. *See* ECF No. 7-2.

Movant is not attempting to block legitimate enforcement, but it seeks only to quash the subpoena as to Movant's Domains only. Courts have consistently required more than vague assertions before permitting unmasking of anonymous or pseudonymous individuals online. *See Sony Music Ent.*, 326 F. Supp. 2d 556, 563–65 (S.D.N.Y. 2004); *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001).

### D.  The Motion and This Reply Are Timely

Tamaris asserts that the Motion to Quash is untimely. Tamaris did not file certificate or affidavit of service with the Court. The only document evidencing an attempt to serve the DMCA Subpoena on GoDaddy is the copy of the email sent to GoDaddy regarding the DMCA subpoena on June 03, 2025, which was submitted to this Court as Exhibit A to Tamaris' Opposition to Motion to Quash DMCA Subpoena to Godaddy.Com, LLC, which was filed *after* the Movant's Motion to Quash. *See* ECF No. 7-1.

Movant was first notified of the DMCA Subpoena by GoDaddy on July 25, 2025. GoDaddy further set August 01, 2025, 12 pm MST as the deadline for the Movant to file the Motion to Quash the DMCA Subpoena and notify them of the filing to avoid disclosing the requested information. *See* ECF No. 4. Movant filed the Motion to Quash on August 01, 2025, within five days of learning about the DMCA Subpoena. *See* ECF No. 4.

Even assuming a proper service of the DMCA Subpoena on GoDaddy, a failure to file a certificate of service with the Court, as required under Rule 45(b)(4), excuses the timing of Movant's Motion. The burden of proof to establish proper and timely service rests on Tamaris. Absent such filing, Tamaris cannot claim any service occurred on June 03, 2025. Movant could only rely on the information from GoDaddy and had no other way to find out the date of the

service. Tamaris's failure to file a certificate of service with the Court was raised in the Movant's Motion to Quash. *See* ECF No. 4 at 4.

The purpose of service under Rule 45 is to ensure timely and adequate notice of legal demands affecting their rights and interests. That purpose was plainly frustrated here. This is especially troubling in a pretrial discovery context, where the recipient is a nonparty and has no other way to monitor pending subpoenas or filings. Tamaris' conduct deprived Movant of the opportunity to respond promptly or seek protection earlier. Thus, the failure to file a certificate of service with the Court is a procedural defect that by itself precludes the Court from finding a valid service and denying the Movant's Motion as untimely.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant John Doe's Motion and grant such further relief as this Court deems proper.

Respectfully submitted this 29th day of August 2025.

/s/ Yuliya Veremiyenko-Campos

Yuliya Veremiyenko-Campos, Esq.
USDC MD No. 21984
YVC Legal PLLC
150 Riverside Parkway, Suite 115
Fredericksburg, VA 22406
yvc@yvclegal.com
+1 (571) 320-7079

*Attorney for Movant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, I electronically filed the foregoing Reply to the Opposition to Motion to Quash DMCA Subpoena to GoDaddy.com, LLC with the Clerk of Court using the CM/ECF system, which served a true and correct copy on all counsel of record.

Respectfully submitted this 29th day of August 2025.

<u>/s/ Yuliya Veremiyenko-Campos</u>

Yuliya Veremiyenko-Campos, Esq.
USDC MD No. 21984
YVC Legal PLLC
150 Riverside Parkway, Suite 115
Fredericksburg, VA 22406
yvc@yvclegal.com
+1 (571) 320-7079

***Attorney for Movant***